FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| JOSE A. ALBINTO OTERO<br>Urb. Levittown 5Ta Secc BX-11<br>Calle Dr. Francisco Rendon<br>Toa Baja, Puerto Rico 00949 | BAC GP, LLC as General Partner of BAC HOME LOANS SERVICING, LP; GREENPOINT MORTGAGE FUNDING, INC; FEDERAL NATIONAL MORTGAGE ASSOCIATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; IBM LENDER BUSINESS PROCESS SERVICES, INC. |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Jesus E. Batista-Sanchez, Esq.<br>530 Ave. De La Constitución, San Juan, Puerto Rico 00901<br>Tel: (787) 289-8772 | |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| [X] Debtor  [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Other<br>[ ] Trustee | [ ] Debtor  [ ] U.S. Trustee/Bankruptcy Admin<br>[X] Creditor  [X] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint for Declaratory Judgment, to Value Collateral pursuant to 11 USC 506, and to Determine Validity, Priority or Extent of Lien

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) - Recovery of Money/Property** | **FRBP 7001(6) - Dischargeability (continued)** |
| [ ] 11-Recovery of money/property - §542 turnover of property | [ ] 61-Dischargeability - §523(a)(5), domestic support |
| [ ] 12-Recovery of money/property - §547 preference | [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury |
| [ ] 13-Recovery of money/property - §548 fraudulent transfer | [ ] 63-Dischargeability - §523(a)(8), student loan |
| [ ] 14-Recovery of money/property - other | [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001(2) - Validity, Priority or Extent of Lien** | [ ] 65-Dischargeability - other |
| [X] 21-Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) - Injunctive Relief** |
| **FRBP 7001(3) - Approval of Sale of Property** | [ ] 71-Injunctive relief - reinstatement of stay |
| [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h) | [ ] 72-Injunctive relief - other |
| **FRBP 7001(4) - Objection/Revocation of Discharge** | **FRBP 7001(8) Subordination of Claim or Interest** |
| [ ] 41-Objection / revocation of discharge - §727(c),(d),(e) | [ ] 81-Subordination of claim or interest |
| **FRBP 7001(5) - Revocation of Confirmation** | **FRBP 7001(9) Declaratory Judgment** |
| [ ] 51-Revocation of confirmation | [X] 91-Declaratory judgment |
| **FRBP 7001(6) - Dischargeability** | **FRBP 7001(10) Determination of Removed Action** |
| [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims | [ ] 01-Determination of removed claim or cause |
| [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud | **Other**<br>[ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq. |
| [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny (continued next column) | [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |

| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand $ 0 |

Other Relief Sought

VALUATION OF COLLATERAL AND CRAMDOWN

FORM 104 (10/06), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>JOSE A. ALBINO OTERO | | BANKRUPTCY CASE NO.<br>10-8923-BKT | |
| DISTRICT IN WHICH CASE IS PENDING<br>District of Puerto Rico | DIVISIONAL OFFICE<br>San Juan | NAME OF JUDGE<br>Hon. Brian K. Tester | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) *[signature]* | | | |
| DATE 5/2/11 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) Jesus E. Batista Esq. | | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | ) | Case No. 10-08923 BKT |
| | ) | |
| JOSE A. ALBINO OTERO | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| JOSE A. ALBINO OTERO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. Pro. No. |
| | ) | |
| BAC GP, LLC, a Nevada Limited Liability Company, as General Partner of BAC HOME LOANS SERVICING, LP, a Texas Limited Partnership; GREENPOINT MORTGAGE FUNDING, INC., a New York corporation; FEDERAL NATIONAL MORTGAGE ASSOCIATION, a government sponsored enterprise and public traded company; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; and IBM LENDER BUSINESS PROCESS SERVICES, INC., a Delaware corporation, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT, TO VALUE COLLATERAL AND DETERMINE SECURED STATUS OF SECURED CREDITOR, AND TO DETERMINE <u>THE VALIDITY AND EXENT OF A LIEN</u>**

**TO THE HONORABLE COURT:**

The Debtor/Plaintiff, **JOSE A. ALBINO OTERO,** hereby files this Complaint against BAC GP, LLC as General Partner of BAC HOME LOANS SERVICING, LP ("BAC"); GREENPOINT MORTGAGE FUNDING, INC. ("GreenPoint"); FEDERAL NATIONAL MORTGAGE ASSOCIATION ("Fannie Mae"); MORTGAGE ELECTRONIC

REGISTRATION SYSTEMS, INC. ("MERS"); and IBM LENDER BUSINESS PROCESS SERVICES, INC. ("LPBS"), for Declaratory Judgment, to Value Collateral and Determine Secured Status of Secured Creditor, and to Determine the Validity and Extent of a Lien, and further alleges as follows:

## INTRODUCTION

1. Debtor owns real property situated in Hillsborough County, Florida, not consisting of the principal residence of the Debtor, located at 817 N. Kingsway Road, Seffner, Florida 33584 (the "Real Property"), which has a current just market value of $58,000. A first mortgage was given to GreenPoint upon the purchase of the Real Property (the "First Mortgage"), which lien remains against the Real Property. Pursuant to an alleged assignment of mortgage from GreenPoint as to the First Mortgage, Fannie Mae filed Proof of Claim Number 3 in this bankruptcy proceeding ("POC-3"), alleging a secured claim. Additionally, there is a mortgage foreclosure action against Debtor and the Real Property pending in the Thirteenth Judicial Circuit, State of Florida, where in BAC claims to be the owner and holder of the Note and Mortgage on Real Property.

2. This complaint seeks a declaratory judgment determining the identity of the proper holder of the secured claim against the Real Property, to value the Real Property and determine the allowed secured claim of the proper secured creditor determined by the Court, and in the alternative, to determine the validity, priority or extent of the First Mortgage lien.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this Court pursuant to the provisions 28 U.S.C. §§ 157 (a)(b)(1) and 1334 in as much as this proceeding arises in and is related to the above captioned Chapter 13 case and concerns property of the Debtor. This is a core proceeding.

4. Venue is proper in the District of Puerto Rico pursuant to 28 U.S.C. §§ 1408 and 1409, in that the underlying Chapter 13 bankruptcy case is pending before this Court, to wit: *In re: Jose A. Albino Otero*, 10-8923-BKT13 (the "Bankruptcy Case").

## PARTIES

5. The Defendant, the FEDERAL NATIONAL MORTGAGE ASSOCIATION ("Fannie Mae") is a government sponsored enterprise and publicly traded company, with legal standing to sue and be sued. Fannie Mae submitted POC-3 in the instant action seeking payment with respect to the subject matter claims discussed herein.

6. The Defendant, BAC GP, LLC, is a Nevada Limited Liability Company, and is General Partner of BAC HOME LOANS SERVICING, LP a Texas Limited Partnership ("BAC"), and has legal standing to sue and be sued.

7. The Defendant, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), is a corporation organized under the law of the state of Delaware with legal standing to sue and be sued.

8. The Defendant, the GREENPOINT MORTGAGE FUNDING, INC. ("GreenPoint") is a corporation organized under the laws of the state of New York with legal standing to sue and be sued.

9. The Defendant, IBM LENDER BUSINESS PROCESS SERVICES, INC. ("LBPS") is a corporation organized under the law of the state of Delaware with legal standing to sue and be sued. LBPS is the servicer of the mortgage and note which are the subject matter of this action.

## FACTS

10. On or about September 27, 2010, Debtor/Plaintiff filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

11. On or about May 23, 2007 Plaintiff purchased an interest in certain real property situated at 817 N. Kingsway Road, Seffner, Florida 33584 (the "Real Property"). Also on May 23, 2007, Plaintiff executed a promissory note in favor of GreenPoint (the "Note"), representing the loan made to Plaintiff in conjunction with the purchase of the Real Property. As consideration for the Note, the Plaintiff also executed a mortgage to secure the Note (the "Mortgage"). The Mortgage identified GreenPoint as the "Lender" and MERS as the "Mortgagee".

12. Upon information and belief, MERS was never the "holder" or otherwise had possession of the Note.

13. On or about July 16, 2009, BAC filed a civil action in the Thirteenth Judicial Circuit, Hillsborough County, State of Florida, Case No. 2009-CA-018443, seeking to foreclose on the Mortgage and Note with respect to the Real Property (the "Foreclosure Action").

14. That in allegation Number Four (4) of the July 16, 2009 complaint, BAC alleged to be the owner of the mortgage by virtue of an unrecorded assignment. Specifically, the allegation states that the Mortgage "**was subsequently assigned to BAC HOME LOANS SERVICING, L.P. F/K/A COUNTRYWIDE HOME LOANS SERVICING, L.P. by virtue of an assignment to be recorded.**"

15. On or about September 17, 2010, BAC filed the original Note and Mortgage in the Foreclosure Action.

16. The original Note and Mortgage remain in the court file and in possession of the Clerk of Court, Thirteenth Judicial Circuit, Hillsborough County, Florida.

17. On January 10, 2011, Fannie Mae filed POC-3 in the Bankruptcy Case, claiming to be the owner and holder of the Note and Mortgage on the Real Property, and claiming the right to enforce such Note and Mortgage. In support of POC-3, Fannie Mae attached an unendorsed

photocopy of the Note that was payable to the Greenpoint. Additionally, POC-3 was supported by the Mortgage, allegedly assigned to Fannie Mae by virtue of an assignment of mortgage executed on November 30, 2010 (the "Assignment of Mortgage").

18. On behalf of MERS, the Assignment of Mortgage was executed by a Treva Moreland, an alleged Assistant Secretary of MERS.

19. Upon information and belief, however, Mrs. Moreland is an employee of LBPS and the Assignment of Mortgage proffered with POC-3 constitutes a fraud upon this Court. Specifically, the following evidence has been discovered:

    a. The Assignment of Mortgage filed in this case was signed in the State of Washington and notarized by an Oregon Public Notary. MERS, however, is a Virginia corporation. Defendant IBM Lender Business Process Services, Inc., however, is an Oregon corporation.

    b. As of April 26, 2011, multiple websites are reporting that a Treva Moreland is in fact one of the "robo-signers" recently associated with the national foreclosure scandal that is currently being investigated by the United States Department of Justice, the United States Congress and is the subject of a class action lawsuit which has been joined by the Attorney Generals of all 50 stated of the United States of America. http://www.foreclosureself-defense.com/2011/02/robo-signer/.

## COUNT I
## DECLARATORY JUDGMENT

20. The allegations in paragraph 1-19 above are re-alleged and incorporated herein by this reference.

21. The Debtor is in doubt as to his rights, obligations and/or remedies with respect to the first mortgage on the Real Property as the Defendants now claim, or have made in a claim in the past, ownership of the Note and Mortgage and the right to enforce said Note and Mortgage.

22. That Fannie Mae is a claimant against the Plaintiff and the Real Property in the instant case by virtue of POC-3.

23. That BAC is a claimant against the Real Property by virtue of the Foreclosure Action in which it alleges possession of an "unrecorded assignment" of the Mortgage. That BAC is also a claimant against the Plaintiff by its possession of the original Note and Mortgage, which it filed and deposited with the court in the Florida foreclosure case.

24. That GreenPoint is a claimant against the Plaintiff by virtue of the Note that currently remains payable to its order.

25. That MERS is a claimant against the Real Property by virtue of the mortgage it recorded against the Real Property in the public records of Hillsborough County, Florida on June 8, 2007.

26. LBPS is a claimant by virtue of the fact that they currently claim to be the servicer of the loan created by the Note and Mortgage, and that by such servicing agreement, they may have the right to enforce the Note and Mortgage.

27. The Chapter 13 Plan proposed by Debtor on April 22, 2011 (Doc. No. 32) contemplates adjudication of this dispute. The Plan contemplates a judicial determination as to whether a valid mortgage lien exists against the Real Property. If such a valid lien exists, the Plan proposes with respect to this lien to pay in full the secured amount of the claim, which as value is $58,000.00.

Finally, the Plan contemplates a judicial determination as to whom said amounts are due and owing

**WHEREFORE**, Plaintiff respectfully prays this Court enter a Declaratory Judgment determining to whom, if anyone has a valid and existing claim against Plaintiff and the Real Property with respect to the Note and Mortgage.

## COUNT II
## VALUATION AND CRAMDOWN PURSUANT TO § 506(a) & 1322(b)(2)

28. The allegations in paragraph 1-19 above are re-alleged and incorporated herein by this reference.

29. As of the Petition Date, the Real Property had a just market value of $58,000.00, as determined by the appraisal dated October 12, 2010, performed and signed by Mr. Dario Ruiz, a certified Florida appraiser operating under license number FL-RD5968. A copy of said Appraisal is attached hereto as Exhibit "A" Additionally, as of an even date; the Real Property was not the primary residence of the Plaintiff.

30. That Fannie Mae filed POC-3 in the Bankruptcy Case on January 10, 2011, alleging a secured claim in the amount of $215,236.60.

31. The value of the security interest of the secured creditor that has the legal right to enforce the Note and Mortgage as to the Real Property is $58,000.00.

32. That pursuant to 11 U.S.C. § 506(a), the allowed secured claim of the secured creditor, who legally has the right to enforce said Note and Mortgage, should be $58,000.00.

33. The balance of any claim made by the proper secured creditor should be treated as a general unsecured claim in this Chapter 13 case.

34. The allowed secured claim of proper secured creditor should be paid at an interest rate of 5.25% pursuant to *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004).

**WHEREFORE**, Plaintiff, respectfully request this Honorable Court enter an Order as follows:

(a)  Determining the value of the Property to be $58,000.00;

(b)  Determining that the secured claim of the secured creditor as to the Real Property is $58,000.00;

(c)  Determining that the unsecured deficiency claim of the proper secured creditor be treated as a general unsecured claim in this Chapter 13 case, and that such unsecured deficiency will be discharged upon successful completion of the Chapter 13 plan payments by the Debtor;

(d)  Determining that the allowed secured claim of the proper secured creditor should be paid at an interest rate of 5.25%; and

(e)  Granting any such further relief that this Court deems just and proper under the circumstances.

## COUNT III

### LIEN AVOIDANCE

35.  The allegations in paragraph 1-19 above are re-alleged and incorporated herein by this reference.

36.  That Plaintiff's interest in the Real Property is subject to a lien arising out of the Mortgage dated May 27, 2007 in favor of MERS in the amount of $175,000.00.

37.  That MERS was never a "holder" of the Note or otherwise had possession of the Note.

38.  That under applicable Florida law and other bankruptcy courts applications of the Uniform Commercial Code, MERS could not have assigned an enforceable Mortgage on

November 30, 2010. See, e.g., *In re Thomas*, 2011 Bankr. Lexis 472 (Bankr. D. Mass. 2011); *Renkemeyer v. MERS*, 2010 U.S.Dist. Lexis 102862 (Bankr. D. Kan. 2010).

**WHEREFORE**, pursuant to Federal Rule of Bankruptcy Procedure 7001, Plaintiff prays to this Court to determine the validity, extent or priority of a line or other interest in the property currently held by BAC, Fannie Mae, MERS, IBM Lender Processing Services, Inc. or any other party.

RESPECTFULLY SUBMITTED this 2 day of May, 2011

/s/ Jesus E. Batista, Esq.
JESUS E. BATISTA
USDC. NO. 227014
BARTOLONE & BATISTA, LLP
530 Ave. De La Constitución
San Juan, P.R. 00901
Telephone: (787) 289-8772
Facsimile: (787) 289-8779
E-mail: jeb@bartolonelaw.com