UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:                                                              Case No. 10-08923

JOSE A. ALBINO OTERO     ,               Chapter 13

           Debtor(s)
_____/

**MOTION SUBMITTING AN AMENDED CHAPTER 13 PLAN**

**TO THE HONORABLE COURT:**

Comes now Debtor(s), represented by undersigned counsel, and very respectfully alleges and prays as follows:

1. On April 22, 2011, the Debtor filed a Chapter 13 Plan (the "Plan") pursuant to 11 U.S.C. § 1321.

2. To comply with applicable provisions of the Bankruptcy Code, however, an amendment to the Plan has been necessitated. Pursuant to 11 U.S.C. § 1323, Debtor hereby summits amended Chapter 13 Plan dated January 27, 2012 (the "Amended Plan").

3. Specifically, the Amended Plan address:

   a. ADDITIONAL PROVISIONS REGARDING ADVERSARY AGREEMENT.

**NOTICE OF OPPORTUNITY TO OBJECT PURSUANT TO LBR 9013-1(h)**

Within twenty one (21) days after service as evidence by the certification, and an additional three (3) days pursuant to Feb. R. Bank. P. 9006(f) if you were served by mail, and any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico this 27th day of January, 2012

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date the foregoing motion was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

**THE BATISTA LAW GROUP, PSC.**
Cond. Mid-Town Center
421 Ave. Muñoz Rivera
Suite #901
San Juan, PR. 00918
Telephone: (787) 303-0325
Facsimile: (787) 777-1589
E-mail: jesus.batista@batistalawgroup.com
Counsel for Debtor

/s/ Jesus E. Batista Sanchez, Jr
Jesus E. Batista, JR., USDC # 227014

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE: **JOSE A ALBINO-OTERO**
DEBTOR(S)

BK. CASE # **10-08923**
CHAPTER 13

## CHAPTER 13 PAYMENT PLAN

**NOTICE:** • The following plan contains provisions which may significantly affect your rights. You should read this document carefully and discuss it with your attorney. When confirmed, the plan will bind the debtor and each creditor to its terms. Objections must be filed in writing with the Court and served upon the debtor(s), debtors' counsel, the Trustee and any other entity designated by the Court, at the 341 meeting of creditors or not less than twenty (20) days prior to the scheduled confirmation hearing. For post confirmation Plan Modifications, objections must be filed and notified in the same manner within twenty (20) days from its notification. • **This plan does not allow claims.** Any party entitled to receive disbursements from the Trustee must file a proof of claim. The Trustee will pay the allowed claims, as filed, provided for in the plan, unless disallowed or expressly modified by the Court and / or the terms of the plan. If no claim is filed, the Trustee will not pay a creditor provided for in the plan, unless ordered by the Court. If the Trustee is to make POST-PETITION REGULAR MONTHLY PAYMENTS to any Secured obligation, then a proof of claim must be filed including the following information: account number, address, due date and regular monthly payment. Secured creditor must notify any change in the monthly payment, three (3) months prior to the effective date of new payment. Those post-petition monthly payments will not exceed the life of the plan. • See the notice of commencement of case for 341 meeting date and claims bar date, the latter is the date by which a proof of claim must be filed in order to participate of the plan distribution.

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall make payments to the Trustee:
   [X] directly  [ ] by payroll deductions, as hereinafter provided in the PAYMENT PLAN SCHEDULE.
2. The Trustee shall distribute the funds so received as hereinafter provided in the DISBURSEMENT SCHEDULE.
[X] 3. The Confirmation Order will not vest property of the Estate on Debtor(s) until the Order discharging Debtor(s) is entered.

PLAN DATED: January 27, 2012
[X] PRE  [ ] POST-CONFIRMATION

[X] AMENDED PLAN DATED: January 27, 2012
FILED BY [X] DEBTOR [ ] TRUSTEE [ ] UNSECURED CREDITOR

### I. PAYMENT PLAN SCHEDULE

| $ | 521.06 | x | 6 | = $ | 3,126.36 |
| $ | 560.00 | x | 54 | = $ | 30,240.00 |
| $ | 0.00 | x | 0 | = $ | 0.00 |
| $ | | x | | = $ | |
| $ | | x | | = $ | |
| | TOTAL = | | 60 | $ | 33,366.36 |

Additional Payments:
$ _____ to be paid as a LUMP SUM
within _____ with proceeds to come from
[ ] Sale of property identified as follows: _____
[ ] Other: _____

Periodic Payments to be made other than and in addition to the above.
$ _____ x _____ = $ _____
To be made on: _____

**PROPOSED PLAN BASE: $ 33,366.36**

### II. ATTORNEY'S FEES

To be treated as a § 507 Priority, and paid before any other creditor and concurrently with the Trustee's fees, unless otherwise provided:

a. Rule 2016(b) Statement: $ 3,000.00
b. Fees Paid (Pre-Petition): ($ 2,000.00 )
c. R 2016 Outstanding balance: ($ 1,000.00 )

d. Post Petition Additional Fees: $ 0.00
e. Total Compensation: $ 3,000.00

Signed: /s/ JOSE A ALBINO-OTERO
DEBTOR

JOINT DEBTOR

### III. DISBURSEMENT SCHEDULE SEQUENCE

**A. SECURED CLAIMS:** [ ] Debtor represents that there are no secured claims.
[X] Secured creditors will retain their liens and shall be paid as follows:
[ ] ADEQUATE PROTECTION Payments: Cr. _____ $ 0.00
[ ] Trustee will pay secured ARREARS:
Cr. _____ Cr. _____ Cr. _____
Acct. _____ Acct. _____ Acct. _____
$ _____ $ _____ $ _____

[X] Trustee will pay REGULAR MONTHLY PAYMENTS:
(please refer to the above related notice, for important information about this provision)
Cr. **LBPS as Servicer** Cr. _____ Cr. _____
Acct. **2978** Acct. _____ Acct. _____
Monthly Pymt.$ **425.81** Monthly Pymt.$ _____ Monthly Pymt.$ _____

[ ] Trustee will pay IN FULL Secured Claims:
Cr. _____ Cr. _____ Cr. _____
$ _____ $ _____ $ _____

[ ] Trustee will pay VALUE OF COLLATERAL:
Cr. _____ Cr. _____ Cr. _____
$. _____ $. _____ $. _____

[ ] Secured Creditor's interest will be insured. INSURANCE POLICY will be paid through plan:
Cr. _____ Ins. Co. _____ Premium: $ _____
(Please indicate in "Other Provisions" the insurance coverage period)

[ ] Debtor SURRENDERS COLLATERAL TO Lien Holder: _____
[ ] Debtor will maintain REGULAR PAYMENTS DIRECTLY to: _____

**B. PRIORITIES.** The Trustee will pay §507 priorities in accordance with the law [§1322 (a)(2)].
[ ]

**C. UNSECURED PREFERRED:** Plan [ ] Classifies [X] Does not Classify claims
[ ] Class A: [ ] Co-debtor Claims: [ ] Pay 100%/ [ ] "Pay Ahead"
[ ] Class B: [ ] Other Class: _____
[ ] Cr. _____ [ ] Cr. _____ [ ] Cr. _____
$ _____ $ _____ $ _____

**D. GENERAL UNSECURED NOT PREFERRED:** (Case Liquidation Value = $ 0.00 )
[ ] Will be paid 100% plus ____ % Legal Interest. [X] Will be paid Pro-Rata from any remaining funds

**OTHER PROVISIONS:**

\* For additional other provisions, please see attachment sheet(s).

ATTORNEY FOR DEBTOR: /s/ Jesus E. Batista, Esq.   Phone: 787-303-0325

UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| IN RE: JOSE A ALBINO-OTERO | BK. CASE # **10-08923** |
|---|---|
| DEBTOR(S) | CHAPTER 13 |

## Chapter 13 Plan Continuation Sheet

**Additional Other Provisions:**
Other provisions:

**ATTORNEY FEE PROVISION:** Trustee will pay Attorney's fees before any claim and after administrative expenses.

**TAX REFUND PROVISION:** Any post petition income tax refund that the Debtor(s) would be entitled to receive during the term of this Chapter 13 Plan (the "Plan") will be used to fund this Plan. After confirmation and without further notice, hearing or Court Order, the Plan shall be deemed modified and the base of the Plan shall be increased by an amount equal to the amount of each income tax refund received.

### ADDITIONAL PROVISIONS:  ADVERSARY AGREEMENT

Lender Business Process Services (hereinafter, "LBPS") and Debtor have entered into an agreement to resolve a certain dispute with respect to a mortgage loan secured by real property owned by Debtor. The dispute references a certain promissory note in the principal sum of $175,000.00 which bears an interest rate of 6.625% (the "Note") and a corresponding mortgage instrument which secures the Note (the "Mortgage"), both executed on May 23, 2007. The agreement entered into by Debtor and LBPS is filed in the case captioned as *Jose A. Albino Otero v. Lender Business Process Services (LBPS)*, Case #: 11-00102 pending in the **United States Bankruptcy Court for the District of Puerto Rico** (hereinafter the "Agreement"). The Agreement resolves that the value of a certain real property known as 817 N. Kingsway Rd., Seffner, Fl. 33584 (the "Real Property") is $66,500.00. The Agreement also resolves that LBPS is entitled to an allowed secured claim in this case in the amount of $66,500.00 (the "Secured Claim") and an allowed unsecured claim in the amount of $148,736.60 (the "Unsecured Claim").

**The Agreement is fully incorporated into the terms of this chapter 13 plan.**

Debtor proposes to satisfy the Agreement, the Secured Claim and the Unsecured Claim of LBPS as follows:

A. Debtor proposes to pay monthly mortgage payments on the allowed secured claim of $66,500.00 through the Chapter 13 Trustee's Office. Interest shall accrue on the allowed Secured Claim at an annual rate of 6.625%. The resulting monthly mortgage payment of principal and interest will be in the amount of $425.81 (the "Monthly Mortgage Payment"). The Monthly Mortgage Payment is calculated based on a Principal amount of $66,500.00, interest rate of 6.625% with payments amortized over 360 months. Payments of the Monthly Mortgage Payment to begin from the date of the filing of this Chapter 13 case through month number 60 of this Chapter 13 Plan or until the Principal amount of $66,500.00 is otherwise paid off in its entirety, whichever shall occur first. The Trustee will not be responsible for any late charges, any costs or fees requested by LBPS.

B. On or before month #60 of this Chapter 13 Plan, Debtor will also pay-off any balance that remains on the Principal of the $66,500.00 due on the allowed Secured Claim (the "Balloon Payment"). The Balloon Payment shall be made directly by Debtor to LBPS.

C. LBPS Unsecured Claim shall be in the amount of $148,763.60. The Unsecured Claim is granted General Unsecured Claim status in this Chapter 13 Plan and shall be treated as any other General Unsecured Claim. As a General Unsecured claimant, LBPS shall be entitled to a pro-rata distribution from the Chapter 13 Trustee of any payments destined for General Unsecured Claims. Pursuant to its Unsecured Claim, LBPS will not seek any other payment, other than payments provided for by this Chapter 13 Plan for General Unsecured claimants.

D. Successful completion of this Chapter 13 Plan and full payment of the Secured Claim, as contemplated by Sections (a) and (b) above, shall constitute Full Payment. Full Payment shall be deemed full and complete satisfaction of the Mortgage, the Note and the allowed Secured Claim and Unsecured Claim of LBPS in this case.

E. Upon Full Payment LBPS shall: (a) file and record a release of the Mortgage which encumbers the Real Property in the Official Records of the Clerk of Circuit Court in Hillsborough County, Florida; (b) discharge Debtor of any further obligation pursuant to the Note and (c) release any claim or interest to the subject matter Mortgage or Real Property contemplated by the Mortgage, Note, Secured Claim or Unsecured Claim.